## STATEMENT OF FACTS

1.  As described herein, a law enforcement investigation has revealed that Defendant Richard Winchester ("WINCHESTER") is involved in the distribution and possession with intent to distribute multiple controlled substances in Washington, D.C. The investigation has also revealed WINCHESTER's possession of a firearm and ammunition, including specifically WINCHESTER's possession of a firearm equipped with a device that is consistent in appearance with a type of machinegun conversion device often referred to as a "Glock switch," which allows a conventional semi-automatic Glock pistol to function as a fully automatic firearm.

2.  On January 26, 2022, Metropolitan Police Department ("MPD") members conducted an undercover purchase of controlled substances from WINCHESTER at approximately 5:00 p.m., in and around the 1500 block of Alabama Avenue SE in the District of Columbia. An undercover MPD officer ("UC") contacted WINCHESTER by telephone to arrange for the purchase of controlled substances. During the telephone call, UC and WINCHESTER agreed to meet in the parking lot of a Wells Fargo Bank in the 1500 block of Alabama Avenue SE. The parking lot is in close proximity to WINCHESTER's residence, which is located at 3271 Stanton Road SE, Washington, D.C.

3.  At approximately 5:00 p.m., WINCHESTER arrived in the parking lot in a green Buick sedan bearing D.C. license plate number GP9083 (the "BUICK"). UC then arrived in the parking lot and parked next to WINCHESTER's vehicle. UC then exited its vehicle and engaged in a brief conversation with WINCHESTER through WINCHESTER's driver's side window. UC then gave WINCHESTER approximately $360, in exchange for which WINCHESTER gave UC five blue pills and a white rock-like substance. The five blue pills provided by WINCHESTER to UC were each marked "M/30" and are suspected oxycodone. Law enforcement performed a field test on the white rock-like substance provided by WINCHESTER, which resulted in a positive indication of crack cocaine, a Schedule II controlled substance. Law enforcement placed WINCHESTER under arrest.

4.  Following the undercover purchase described above, MPD members and federal law enforcement agents executed D.C. Superior Court Search Warrant 2022 CSWSLD 000207, at 3271 Stanton Road SE (the "PREMISES"). Law enforcement previously observed WINCHESTER leaving and entering the PREMISES and entering the BUICK parked outside, including immediately before the above-referenced undercover purchase.

5.  Upon executing the search warrant and entering the PREMISES, law enforcement discovered the following in a bedroom ("BEDROOM 1"):

    a.  In a dresser drawer containing WINCHESTER's District of Columbia Identification card, law enforcement discovered a Glock Model 23, .40 caliber firearm equipped with a laser sight. The firearm was loaded with one round in the chamber and additional rounds in the magazine. Law enforcement also discovered a device installed on the rear of the slide in the location where the slide cover plate is installed. The device is consistent in appearance with a type of machinegun conversion device often referred to as a "Glock switch." The firearm's serial number appeared to have been intentionally damaged due to

grinding at two locations where the serial number was located, as depicted below:

 

b. Law enforcement also discovered the following in the same dresser drawer as WINCHESTER's identification card and the loaded Glock firearm:

   i. Two small plastic bags containing a white rock-like substance (suspected crack cocaine);

   ii. One small plastic bag containing two white pills each marked "RP 10" (suspected oxycodone);

   iii. Allen wrenches, which are a tool sometimes used to manipulate the setting on certain machinegun conversion devices.

c. On and around the same dresser, law enforcement discovered approximately six clear bags of marijuana weighing approximately 304 grams in total, as depicted below:



    d.       Law enforcement also discovered a suitcase in BEDROOM 1 that contained:

        i.       Two large plastic bags, each containing approximately one pound of marijuana;

        ii.      Marijuana packaging bags;

        iii.     Digital scale;

        iv.     Glock firearm box;

        v.      50-round drum magazine;

        vi.     Box of .40 caliber ammunition; and

        vii.    United States currency.






  e. Law enforcement also discovered a safe in a closet in BEDROOM 1 that contained approximately $65,000 in U.S. currency.

6. Law enforcement also discovered additional quantities of marijuana, packaging, digital scales, and U.S. currency inside the PREMISES, for example, as depicted below:



7. During a custodial interview, WINCHESTER provided that BEDROOM 1 is his bedroom at the PREMISES. In addition, WINCHESTER provided that he previously purchased the above-referenced Glock 23, .40 caliber firearm, that was discovered the dresser drawer in BEDROOM 1.

8. Based on your affiant's training and experience, you affiant believes the leafy green substance recovered in the PREMISES to be marijuana, a Schedule I controlled substance. In addition, your affiant has learned that the "RP 10" imprint on the pills recovered from BEDROOM 1 corresponds to a 10 milligram oxycodone hydrochloride pill, a Schedule II controlled substance.

9. There are no firearm or ammunition manufacturers in the District of Columbia. Therefore, the firearm and ammunition referenced herein would have traveled in interstate commerce prior to being in the possession of WINCHESTER on or before January 26, 2022.

10. A criminal history check of WINCHESTER revealed that WINCHESTER has previously been convicted of at least one crime punishable by imprisonment for a term exceeding one year. Specifically, WINCHESTER was convicted of Possession with Intent to Distribute a Controlled Substance (Cocaine) in D.C. Superior Court Case No. 2013 CF2 009024. On December 3, 2013, WINCHESTER was sentenced to 20 months of imprisonment (18 months suspended), five years of supervised release (all suspended), and two years of supervised probation.

11.     Therefore, WINCHESTER was aware at the time of his arrest in this case that he had at least one prior conviction for a crime punishable by imprisonment for a term exceeding one year.

12.     In summary, WINCHESTER was a prohibited person who possessed a firearm and ammunition, and who possessed marijuana, crack cocaine, and oxycodone with the intent to distribute such controlled substances. Thus, your affiant believes there is probable cause to establish the offenses of 18 U.S.C. § 922(g)(1); 18 U.S.C. § 924(c)(1)(A)(i); 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) (crack cocaine); 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) (oxycodone); and 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D) (marijuana).

_____
SPECIAL AGENT JONATHAN C. BOLLER (#5811)
BUREAU OF ALCOHOL, TOBACCO, FIREARMS
AND EXPLOSIVES

*Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone, this 17th day of February, 2022.*

_____
HON. ZIA M. FARUQUI
UNITED STATES MAGISTRATE JUDGE